**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

COMMONWEALTH OF MASSACHUSETTS, et al.

     Plaintiffs,

          v.

MEHMET OZ, M.D., et al.

     Defendants.

Case No. 26-12962

Proposed Order

### [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and upon consideration of Plaintiffs' Motion for a Preliminary Injunction, and the parties' briefing thereon, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that:

a. Defendants, their agents, employees, appointees, successors, and anyone acting in concert or participation with Defendants (collectively, "Defendants") are preliminarily ENJOINED from implementing, enforcing, retroactively enforcing, or otherwise applying the Challenged Provisions of the Interim Final Rule ("IFR") or any substantially identical provision, legal interpretation, or other agency action, as against the Plaintiff States, pending a final ruling on the merits of this case, including:

    i. The portion of 42 C.F.R. § 435.554(c)(5)(i) that reads "whose physical, mental, or other behavioral health condition significantly impairs the individual's ability to comply with the community engagement requirement in this subpart and is an individual," and any interpretations and applications

thereof, *see, e.g.*, 91 Fed. Reg. 33373 (rejecting "automatic" classification of medical frailty "based solely on diagnosis or condition");

ii. The portion of 42 C.F.R. § 435.557(a)(vii) that reads "that have been adjudicated in the preceding 12 months," the portion of 42 C.F.R. § 435.557(a)(viii) that reads, "for the preceding 12 months," and the portion of 42 C.F.R. § 435.557(f) that reads "that have been adjudicated in the preceding 12 months"; and

iii. 42 C.F.R. § 435.555(d)(2)(i) and the portion of 42 C.F.R. § 435.555(d)(2)(iv) that states: "The State must base its request for a longer duration on information showing that barriers to demonstrating the community engagement requirement under §435.552 in the relevant area persist."

b. Defendants are enjoined from enforcing the IFR in a manner that would preclude States from relying on electronically-available data to determine whether an individual is "medically frail or otherwise has special medical needs" as defined at 42 C.F.R. § 435.554(c)(5).

c. Defendants are enjoined from penalizing States for any delays in sending the notices required by 42 U.S.C. §1396a(xx)(8)(A).

d. The July 31, 2026 effective date of the IFR's Challenged Provisions is temporarily STAYED, pursuant to 5 U.S.C. § 705, as to Plaintiff States, pending judicial review.

As grounds for this order, the Court finds that the Plaintiff States are likely to succeed on the merits of their claims that the Challenged Provisions of the IFR are contrary to law and arbitrary and capricious, in violation of the Administrative Procedure Act; that the Challenged Provisions of the IFR are causing Plaintiff States ongoing and irreparable harm which is likely to

continue if the order is not granted; and that the public interest and balance of equities weigh in favor of granting preliminary relief and postponing the effective date of the IFR against the Plaintiff States.

This Order shall remain in effect unless and until modified by the Court.

**SO ORDERED** this __ day of _____, 2026

_____
By:
United States District Judge