

EXHIBIT 27

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland   21244-1850



*CMCS Informational Bulletin*

**DATE:**         December 8, 2025

**FROM:**         Dan Brillman
                  Deputy Administrator, CMS
                  Director, Center for Medicaid and CHIP Services

**SUBJECT:**   **Section 71119 of the "Working Families Tax Cut" Legislation, Public Law 119-21: Requirements for States to Establish Medicaid Community Engagement Requirements for Certain Individuals**

# I.   Introduction

On July 4, 2025, President Trump signed Public Law No. 119-21, which the Centers for Medicare & Medicaid Services (CMS) refers to as the "Working Families Tax Cut" (WFTC) legislation, into law. The WFTC legislation included changes to the Medicaid program to be implemented in the coming years, including the introduction of community engagement requirements for certain adults enrolled in Medicaid. Community engagement has potential to empower Medicaid beneficiaries through employment, education, or volunteer service so they can escape isolation and dependency, build confidence, and achieve self-sufficiency.

# II.   Table of Contents

CMCS Informational Bulletin.................................................................................................. 1

I.        Introduction........................................................................................................... 1

II.      Table of Contents ................................................................................................. 1

III.     Overview ............................................................................................................... 2

IV.     Applicable Individuals (section 1902(xx)(9)(A)(i)) of the Act) ..................................... 3

V.      Community Engagement (section 1902(xx)(2) of the Act) ............................................ 4

          Exclusions from and Exceptions to Community Engagement Requirements .......... 5

               Exclusions (section 1902(xx)(9)(A)(ii) of the Act)............................................ 5

               Exceptions (section 1902(xx)(3) of the Act)...................................................... 6

VI.     Demonstrating and Verifying Community Engagement................................................ 7

          Demonstrating Community Engagement at Application (section 1902(xx)(1)(A) of the Act).................................................................................................................. 7

Demonstrating Community Engagement at Renewal (section 1902(xx)(1)(B) and
(4) of the Act)............................................................................................................ 7

Using Reliable Information (section 1902(xx)(5) of the Act) ................................... 8

VII.    Procedures in the Case of Non-Compliance (section 1902(xx)(6) of the Act) ............... 9

How Non-Compliance Affects Certain FMAP Increases and Premium Tax Credit
Eligibility (section 1902(xx)(7) of the Act) ................................................................ 9

Certain FMAP Increases (section 1902(xx)(7)(A) of the Act).......................... 9

Premium Tax Credit Eligibility (section 1902(xx)(7)(B) of the Act) ............... 9

VIII.   Outreach to Applicable Individuals (section 1902(xx)(8) of the Act)............................ 9

IX.     Managed Care Plan Role (WFTC legislation Section 71119(c))................................... 10

X.      Timeline for Implementation, and Temporary Exemption for Good Faith Effort (Section
1902(xx)(1) and (11) of the Act) ................................................................................. 10

XI.     Financial Resources for States ..................................................................................... 11

Government Efficiency Grants to States (WFTC legislation Section 71119(e))..... 11

Medicaid Information Technology (IT) System Costs .......................................... 11

XII.    Closing ....................................................................................................................... 12

Appendix: State Options for Initial Community Engagement Beneficiary Outreach and
Compliance Review Periods at Application ............................................................................. 13

## III.    Overview

The purpose of this Center for Medicaid and CHIP Services (CMCS) Informational Bulletin
(CIB) is to provide an overview of the Medicaid-related "community engagement" requirement
mandated by section 71119 of subchapter D of chapter 1 of subtitle B of title VII of the WFTC
legislation ("section 71119"). Implementation of community engagement requirements will
necessitate system, policy, and operational changes to state programs in the coming years. CMS
is committed to supporting states in this effort and anticipates that ongoing partnership and
engagement with states and other stakeholders will inform areas of need for additional guidance,
including rulemaking by June 2026. However, we recognize that planning must begin now, as
states enter budget and legislative sessions and begin procurement of new systems and services
to support implementation of the Medicaid provisions in the WFTC legislation. It is important to
note that community engagement is not new to the Medicaid program. Multiple states submitted
new section 1115 demonstration requests, prior to the passage of the WFTC legislation, to
implement a community engagement program.

Section 71119 ("Requirement for States to Establish Medicaid Community Engagement Requirements for Certain Individuals") amended section 1902 of the Social Security Act (the Act) to add subsection (xx). Section 1902(xx) of the Act requires that "applicable individuals" demonstrate, as a condition of their Medicaid eligibility, "community engagement" (generally, that they work, are enrolled in an educational program, complete community service, participate in a work program, or any combination thereof) for a minimum period of time preceding their application and during their enrollment. "Applicable individuals" are, generally, those eligible to enroll or who are enrolled under the state plan in the adult group described at section 1902(a)(10)(A)(i)(VIII) of the Act ("adult group") or those who generally fit the description of a person eligible under section 1902(a)(10)(A)(i)(VIII) but who are eligible under or enrolled in a section 1115 demonstration that provides minimum essential coverage (MEC) to such a population (rather than under the state plan). Section 1902(xx) of the Act excepts discrete populations from these requirements and excludes members of certain populations from the definition of an "applicable individual."

Section 1902(xx) of the Act applies in any state and the District of Columbia that elects to provide coverage to the adult group under the state plan or to certain individuals through certain section 1115 demonstrations as described further in the next section of this CIB. The community engagement provision is not applicable to the U.S. territories, regardless of whether they elect to cover the adult group. The requirement under section 1902(xx) of the Act to condition Medicaid eligibility on demonstrating community engagement begins January 1, 2027, unless a state opts to implement it sooner through a section 1115 demonstration or the state plan. Before effectuating the community engagement requirement, states must engage in outreach to applicable individuals to inform them of the requirement, and this notice must include an explanation of the exceptions and how an "applicable individual" is defined. The provisions of section 1902(xx) of the Act cannot be waived under section 1115 demonstration authority. Section 71119 of the WFTC legislation requires the Department of Health and Human Services (HHS) to issue grants to states to support implementation of section 1902(xx) of the Act and other WFTC legislation provisions relating to eligibility determinations and redeterminations, and it requires the Secretary of HHS to promulgate an interim final rule to implement section 71119 not later than June 1, 2026.

## IV. Applicable Individuals (section 1902(xx)(9)(A)(i)) of the Act)

The Medicaid applicants and beneficiaries who must demonstrate community engagement as a condition of their Medicaid eligibility are those who reside in one of the 50 states or the District of Columbia[1] and who meet the definition of an "applicable individual." An "applicable

---

[1] Section 1902(xx)(9)(C) of the Act defines "State" for purposes of 1902(xx) to mean one of the 50 states or the District of Columbia. This means that section 1902(xx) of the Act does not apply to the U.S. territories of the Northern Mariana Islands, American Samoa, Guam, Puerto Rico, or the Virgin Islands.

individual" is someone in one of two groups, subject to certain exclusions discussed further below. The first group is individuals who are eligible for or enrolled under the state plan in the adult group described in section 1902(a)(10)(A)(i)(VIII) of the Act. The second group is individuals who are otherwise eligible to enroll or are enrolled "under a waiver of [the] plan" (which would generally be, in this case, a section 1115 demonstration) that provides coverage that meets MEC[2] requirements, and who are: at least 19 and under 65 years of age, not pregnant, not entitled to or enrolled for benefits under Medicare Part A or Part B, and not otherwise eligible to enroll under the state Medicaid plan.

This means that the community engagement requirements in section 1902(xx) do not apply in states that: a) have not adopted the adult group under the state plan; and b) do not have a section 1115 demonstration that offers MEC to individuals who are at least 19 and under 65 years of age, not pregnant, not entitled to or enrolled in Medicare Part A or B, and not otherwise eligible under the state's Medicaid state plan. For example, the community engagement requirements would not apply to an individual in a state that has not implemented the adult group under the state plan and in which the only section 1115 demonstration-based coverage available to a non-pregnant adult who is at least 19 and under 65 years of age who does not have Medicare is through a limited-benefit family planning demonstration (as family planning-only services are not MEC). In some states that have not adopted the adult group under the state plan, community engagement requirements would apply to certain individuals in a section 1115 demonstration. For example, in a state that provides MEC under a section 1115 demonstration to non-pregnant individuals who are at least 19 and under 65 years of age, not entitled to or enrolled in Medicare, and not otherwise eligible to enroll under the state plan, such individuals would need to meet the new requirements, unless an exclusion or exception applies, in order to be eligible for the coverage provided under the demonstration. CMS continues to evaluate which existing state section 1115 demonstration populations meet the definition of an "applicable individual."

## V.     Community Engagement (section 1902(xx)(2) of the Act)

To meet community engagement requirements in a given month, applicable individuals must do one or more of the following:

(A) Work at least 80 hours.
(B) Complete at least 80 hours of community service.
(C) Participate in a work program (in accordance with the meaning given such term in section 6(o)(1) of the Food and Nutrition Act of 2008) for at least 80 hours.

---

[2] MEC is defined in section 1902(xx)(9)(A)(i)(II)(aa) of the Act as follows: "as described in section 5000A(f)(1)(A) of the Internal Revenue Code of 1986 and as determined in accordance with standards prescribed by the Secretary in regulations."

(D) Be enrolled in an educational program, including an institution of higher education (as defined in section 101 of the Higher Education Act of 1965) and a program of career and technical education (as defined in section 3 of the Carl D. Perkins Career and Technical Education Act of 2006), at least half-time.

(E) Engage in any combination of the activities described in (A) through (D) for a total of at least 80 hours.

(F) Have a monthly income that is not less than the applicable federal minimum wage requirement under section 6 of the Fair Labor Standards Act of 1938, multiplied by 80 hours; e.g., currently, $7.25 x 80 = $580 per month.[3]

(G) Have had an average monthly income over the preceding 6 months that is not less than the applicable federal minimum wage requirement under section 6 of the Fair Labor Standards Act of 1938 multiplied by 80 hours, and is a seasonal worker, as described in section 45R(d)(5)(B) of the Internal Revenue Code of 1986.

**Exclusions from and Exceptions to Community Engagement Requirements**

*Exclusions (section 1902(xx)(9)(A)(ii) of the Act)*

Individuals meeting the definition of a "specified excluded individual" (meaning that they are excluded from the "applicable individual" definition) for part or all of a relevant month are not subject to demonstrating community engagement for that month. The following persons are "specified excluded individuals":

1. An individual described in section 1902(a)(10)(A)(i)(IX) of the Act (the former foster care children eligibility group);

2. An American Indian or Alaska Native who: (A) is an Indian or an Urban Indian (as defined in paragraphs (13) and (28) of section 4 of the Indian Health Care Improvement Act), (B) is a California Indian (as described in section 809(a) of such Act), or (C) has otherwise been determined eligible as an Indian for the Indian Health Service under HHS regulations;

3. A parent, guardian, caretaker relative, or family caregiver (as defined in section 2 of the RAISE Family Caregivers Act, P.L. 115-119)[4] of a dependent child who is 13 years of age and under or of a disabled individual;

4. A veteran with a disability rated as total under 38 U.S.C. § 1155;

5. An individual who is medically frail or otherwise has special medical needs (as defined by the Secretary), including an individual: who is blind or disabled (as defined in section 1614 of the Act); with a substance use disorder; with a disabling mental disorder; with a

---

[3] 29 U.S.C. § 206(a)(1)(C).
[4] See https://www.congress.gov/115/statute/STATUTE-132/STATUTE-132-Pg23.pdf.

physical, intellectual, or developmental disability that significantly impairs their ability to perform one or more activities of daily living; or with a serious or complex medical condition;

6. An individual who is compliant with any requirements applied by the individual's state Temporary Assistance for Needy Families (TANF) program under section 407 of the Act (relating to "Mandatory Work Requirements"), or who is a member of a household that receives Supplemental Nutrition Assistance Program (SNAP) benefits under the Food and Nutrition Act of 2008 and is not exempt from a work requirement under such Act;[5]

7. A participant in a drug addiction or alcoholic treatment and rehabilitation program (as defined in section 3(h) of the Food and Nutrition Act of 2008);

8. An inmate of a public institution; or

9. A woman who is pregnant or entitled to postpartum medical assistance under section 1902(e)(5) or (16) of the Act.

*Exceptions (section 1902(xx)(3) of the Act)*
Applicable individuals are excepted from demonstrating community engagement for a month if, for part or all of that month, they are: under the age of 19; entitled to, or enrolled for, benefits under Medicare Part A, or enrolled for benefits under Medicare Part B; or described in a mandatory categorically needy eligibility group in any of subclauses (I) through (VII) of section 1902(a)(10)(A)(i) of the Act.[6] An additional exception applies to an individual who was an inmate of a public institution at any point during the three-month period ending on the first day of a month in which the individual is otherwise subject to the community engagement requirement.

States also have the option, under procedures established by the State (in accordance with standards specified by the Secretary), to provide an exception for "short-term hardship events" for applicable individuals. A state that elects this option must deem an applicable individual as demonstrating community engagement for a month if, for part or all of the month, the individual:

1. receives inpatient hospital services, nursing facility services, services in an intermediate care facility for individuals with intellectual disabilities, inpatient psychiatric hospital services, or such other services of similar acuity (including outpatient care relating to the above-listed services) as the Secretary determines appropriate, and the individual requests such an exception;

---

[5] Further clarification on the scope of the affected individuals is forthcoming.
[6] Sections 1902(a)(10)(A)(i)(I)-(VII) of the Act generally describes the mandatory categorically needy eligibility groups other than the adult group or former foster care children eligibility group.

2. resides in a county or equivalent unit of local government in which: a) an emergency or disaster has been declared by the President pursuant to the National Emergencies Act or Robert T. Stafford Disaster Relief and Emergency Assistance Act; or b) subject to a request from the state to the Secretary, has an unemployment rate that is at or above the lesser of eight percent or 1.5 times the national unemployment rate; or

3. must travel, or their dependent must travel, outside of their community for an extended period of time to receive medical services necessary to treat a serious or complex medical condition that are not available in their community of residence, and the individual requests such an exception.

## VI.  Demonstrating and Verifying Community Engagement

**Demonstrating Community Engagement at Application (section 1902(xx)(1)(A) of the Act)**

States must require applicable individuals who have filed an application for Medicaid to meet community engagement requirements detailed in section 1902(xx)(2) of the Act for at least one month immediately preceding the month during which the individual applies. States may elect to require that applicable individuals demonstrate community engagement for up to three consecutive months immediately preceding the month of application.

As an illustrative example, a state must require applicable individuals applying for coverage in January 2027 to demonstrate community engagement in December 2026. If a state elects to require that an applicant demonstrate community engagement for two consecutive months prior to the month of application, an applicable individual applying for coverage in January 2027 in that state would need to demonstrate community engagement in November and December 2026. Should a state elect to require applicants to demonstrate community engagement for three months prior to the month of application, an applicable individual applying for coverage in January 2027 in that state would be required to demonstrate community engagement in October, November, and December 2026.

**Demonstrating Community Engagement at Renewal (section 1902(xx)(1)(B) and (4) of the Act)**

States must require Medicaid beneficiaries who are subject to community engagement to demonstrate compliance for one or more months in between renewals, as part of the state's routine renewal process. Such Medicaid beneficiaries must demonstrate community engagement for one or more months (as specified by the state), whether or not consecutive. CMS interprets this to mean that a beneficiary is considered to have successfully met the requirements if during any part of the eligibility period the beneficiary demonstrated community engagement for the number of months the state specified. Under CMS's interpretation, the state may not dictate the specific months during which an applicable individual must demonstrate community engagement. If the state requires applicable individuals to demonstrate community engagement

for more than one month between renewals, it must permit, but may not require, them to demonstrate community engagement in consecutive months.

Note that, as required by Section 71107 of the WFTC legislation,[7] states will be required to conduct renewals of eligibility once every 6 months, instead of once every 12 months, for a population[8] that significantly overlaps with the population subject to the new community engagement requirements, beginning with renewals initiated on or after January 1, 2027. As such, individuals subject to both of these provisions will be required to demonstrate community engagement at least every 6 months at each subsequent renewal.

In addition to verifying compliance with community engagement at renewal, states may elect to verify compliance with community engagement more frequently between determinations or redeterminations of eligibility for beneficiaries.[9]

**Using Reliable Information (section 1902(xx)(5) of the Act)**

States must establish processes and first attempt to use reliable information available to the state, including from the individual case record or information obtained through reliable data sources, to establish whether an individual met the community engagement requirement or was not required to do so. Reliable information could come from, for example and without limitation: payroll data, Medicaid provider payments, or encounter data, and data sources about higher education enrollment, job training participation, or community service. The state may not request additional information or documentation unless it is unable to establish that the individual met community engagement requirements (or was not required to do so) using reliable information available to it.

This requirement for a state to use reliable information available to it for these purposes prior to requiring additional information (where possible) applies both at application and at renewal. Similarly, states electing to verify compliance with community engagement requirements more frequently than the renewal schedule are also required to use information available to the state prior to requesting additional information. CMS expects to provide additional guidance on section 1902(xx)(5) of the Act, including guidance on the use of reliable data sources, and instructions on documenting such policies and procedures.

---

[7] In accordance with Section 71107(b) of the WFTC legislation, CMS will issue guidance to support states with implementing the requirement to conduct renewals once every 6 months for certain individuals.

[8] Those subject to renewals once every 6 months include almost all individuals enrolled under the state plan in the Medicaid adult group described at section 1902(a)(10)(A)(i)(VIII) of the Act and almost all individuals described in 1902(a)(10)(A)(i)(VIII) who are enrolled in coverage "under a waiver" of the state plan that provides coverage equivalent to MEC to all individuals described at section 1902(a)(10)(A)(i)(VIII) of the Act. Additional details will be provided in the forthcoming guidance referenced in footnote 7.

[9] See section 1902(xx)(4) of the Act.

## VII. Procedures in the Case of Non-Compliance (section 1902(xx)(6) of the Act)

If a state cannot establish that someone met the community engagement requirements or was not required to do so, it must provide notice of noncompliance and allow the applicant or beneficiary 30 calendar days from the date such notice is received to demonstrate compliance or show that the requirement does not apply to them. This notice must include information on how to demonstrate compliance or show that the requirement does not apply, and how to reapply for medical assistance if the individual's application is denied or if the beneficiary is disenrolled. A state must continue to provide an enrolled beneficiary with medical assistance during the 30-day period. If no satisfactory showing of compliance with or inapplicability of the requirement is made, the state must determine whether the individual has any other basis for eligibility for Medicaid or another insurance affordability program. The state must then provide written notice and fair hearing rights in accordance with 42 C.F.R. part 431 subpart E (including advance notice in the case of an eligibility termination or other adverse action) and, if there is no other basis for Medicaid eligibility, deny the application or terminate eligibility by the end of the month following the 30-day period.

### How Non-Compliance Affects Certain FMAP Increases and Premium Tax Credit Eligibility (section 1902(xx)(7) of the Act)

#### *Certain FMAP Increases (section 1902(xx)(7)(A) of the Act)*

Section 1902(xx)(7)(A) of the Act directs that a state shall not be treated as not providing medical assistance to all individuals described in section 1902(a)(10)(A)(i)(VIII), or as not expending amounts for all such individuals under the Medicaid state plan or waiver of the plan, solely because it has determined that such an individual is ineligible for Medicaid due to a failure to demonstrate community engagement.

#### *Premium Tax Credit Eligibility (section 1902(xx)(7)(B) of the Act)*

An individual who is eligible for Medicaid coverage that provides MEC is generally not eligible for advance payments of the premium tax credit (APTC) and premium tax credits (PTC) used to pay for coverage on a Health Insurance Exchange. Under section 1902(xx)(7)(B) of the Act, an individual is deemed to be eligible for MEC if the individual would have been eligible for Medicaid but for their failure to meet community engagement requirements. As such, an applicable individual who does not demonstrate community engagement and would otherwise be eligible for Medicaid is precluded from eligibility for APTC and PTC.

## VIII. Outreach to Applicable Individuals (section 1902(xx)(8) of the Act)

Prior to initial implementation of these community engagement requirements in a state, and periodically thereafter, states are required to notify beneficiaries who are applicable individuals of the requirement to demonstrate community engagement. This outreach notice must include

information on how to comply with the community engagement requirements, including an explanation of the definition of an "applicable individual" and the exceptions; the consequences of non-compliance; and how to report a change in status that could result in the individual qualifying as a specified excluded individual, meeting an exception, or being subject to the community engagement requirement after an exclusion or exception ends.

States must provide this outreach notice to the beneficiary by mail (or in an electronic format, if elected by the individual), and one or more additional formats. Additional formats may include telephone, text message, an internet website, other commonly available electronic means, and other formats the Secretary determines appropriate.

States must notify applicable individuals before implementing community engagement requirements on a timeframe that is based on the state's implementation date (i.e., either January 1, 2027, or an earlier date selected by the state) and the number of consecutive months a state requires applicable individuals to demonstrate community engagement at application. The set number of months prior to initial implementation that outreach is required in a particular state is determined by adding three months to the number of months a state requires an applicable individual to demonstrate community engagement at application. As such, states requiring an applicable individual to demonstrate one, two, or three months of community engagement at application would be required to begin outreach no later than September, August, or July 2026, respectively, for implementation on January 1, 2027. For a visual representation of these outreach timelines, reference the Appendix.

## IX.    Managed Care Plan Role (WFTC legislation Section 71119(c))

States are prohibited from using Medicaid managed care organizations (MCOs), prepaid inpatient health plans (PIHPs), prepaid ambulatory health plans (PAHPs), or other contractors with direct or indirect financial relationships to MCOs, PIHPs, or PAHPs to determine beneficiary compliance with community engagement requirements. There is no other prohibition in the statute on states choosing to delegate some support activities to managed care plans to support states' successful implementation of community engagement requirements. CMS expects to issue further guidance on the potential role that managed care plans can appropriately play in activities that are not related to determining beneficiary compliance.

## X.    Timeline for Implementation, and Temporary Exemption for Good Faith Effort (Section 1902(xx)(1) and (11) of the Act)

Section 1902(xx)(1) of the Act requires that states implement the new community engagement requirements beginning January 1, 2027, although states may elect an earlier implementation date via a section 1115 demonstration or through a state plan amendment. States interested in an earlier implementation should contact CMS for more details.

The Secretary of Health and Human Services has the authority to provide states with a temporary good-faith-effort exemption to delay implementation of community engagement requirements. To receive a temporary exemption, a state must submit a request to the Secretary, and the Secretary needs to determine that, based on the request, the state is demonstrating a good-faith effort to comply with the statutory requirements. In considering whether a state is demonstrating a good-faith effort, the Secretary will consider actions taken by the state toward compliance, any significant barriers or challenges to meeting the requirements that the state has faced or continues to face, the state's detailed plan and timeline for achieving full compliance, and any other criteria the Secretary determines appropriate. Good-faith-effort exemptions, if granted by the Secretary, must expire no later than December 31, 2028, consistent with section 1902(xx)(11)(C)(i) of the Act. The Secretary may terminate any granted exemptions early if a state fails to comply with quarterly reporting requirements or ceases making good-faith compliance efforts. Good-faith-effort exemptions will be considered on a case-by-case basis and will be approved only for states that make the required showing; in general, CMS anticipates that approvals will be limited to states that are making meaningful efforts towards implementation and experience severe and/or unexpected issues that hinder their progress.

## XI.   Financial Resources for States

### Government Efficiency Grants to States (WFTC legislation Section 71119(e))

Federal funding totaling $200 million for fiscal year 2026 is available for the 50 states and the District of Columbia to establish systems necessary to carry out section 71119 of the WFTC legislation and other sections of WFTC legislation, title VII, subtitle B, chapter 1 related to conducting eligibility determinations or redeterminations. CMS will award states funding through two mechanisms: 1) $100 million distributed equally among all 50 states and the District of Columbia, and 2) $100 million distributed to the 50 states and the District of Columbia based on their share of individuals subject to community engagement relative to the total number of such individuals across all 50 states and the District of Columbia, as of March 31, 2025.

### Medicaid Information Technology (IT) System Costs

These new requirements should function seamlessly with new and existing system functionality. It is important for states to ensure the vendors supporting their community engagement implementation clearly understand their role and expectations. Without proper alignment between policy design and technological capabilities, states may create administrative burdens that undermine program effectiveness and cost-efficiency. When establishing state-specific policies related to community engagement, states should consult with their system implementation teams to ensure policies can be operationalized in their systems.

CMS recognizes the program changes will require information technology (IT) system work to fulfill policy implementation. Certain state Medicaid agency IT system costs necessary to

support the community engagement requirements may be eligible for enhanced federal financial participation (FFP). Approval of enhanced match requires the submission of an Advanced Planning Document (APD). A state may submit an APD requesting approval for 90/10 enhanced match for the design, development, and installation of their Medicaid Enterprise Systems (MES) initiatives contributing to the economic and efficient operation of the program. States may also submit an APD to request 75/25 enhanced match for ongoing operations of CMS- approved systems.

States should refer to 45 C.F.R. Part 95 Subpart F – *Automatic Data Processing Equipment and Services-Conditions for FFP* for the specifics related to APD submission.

States should refer to 42 C.F.R. Part 433 Subpart C – *Mechanized Claims Processing and Information Retrieval Systems* for the specifics related to systems approval and claiming enhanced FFP.

## XII.  Closing

CMS recognizes implementing Section 71119 of the WFTC legislation is a significant undertaking for states that will require policy, operational, and system changes. CMS is currently developing the required interim final rulemaking along with additional guidance on the new requirements. CMS is available to answer questions and provide technical assistance to states; requests can be directed to MedicaidWorks@cms.hhs.gov.

## Appendix: State Options for Initial Community Engagement Beneficiary Outreach and Compliance Review Periods at Application

Based on the statutory implementation date of January 1, 2027, the following graphic depicts state options for timelines accounting for the required three months of initial outreach to existing beneficiaries and the state's "review period" – how many months an applicable individual must demonstrate community engagement to qualify for Medicaid at application (one to three months, at state option).

